1  JEROME M. VARANINI, ESQ. (State Bar No. 58531)
   TRIMBLE, SHERINIAN & VARANINI
2  2500 Venture Oaks Way, Suite 350 (95833)
   P.O. BOX 590
3  SACRAMENTO, CA  95812-0590
   TELEPHONE:  (916) 444-8271

4

5  Attorney for Defendants
   California Forensic Medical Group, Inc.,
6  Dr. Taylor Fithian

7

8

9                    UNITED STATES DISTRICT COURT

10                 NORTHERN DISTRICT OF CALIFORNIA

11

12  Julio Palomino,                    CASE NO. CIV 11-1329 MEJ

13        Plaintiff,                   **MEMORANDUM OF POINTS AND AUTHORITIES
                                       IN SUPPORT OF MOTION TO DISMISS OR IN
14  vs.                                THE ALTERNATIVE IN SUPPORT OF MOTION
                                       FOR MORE DEFINITE STATEMENT**
15  California Forensic Medical        **[F.R.C.P.12(b)(6)]**
    Group, Dr. Taylor Fithian,         **[F.R.C.P.12(e)]**
16  County of Sonoma, Sheriff Bill
    Cogbill and Does 1-10,             **Date: August 4, 2011**
17                                     **Time: 10:00 a.m.**
          Defendants.                  **Courtroom: B, 15th Floor**
18  _____/       **The Honorable Maria Elena James**

19                                     Complaint Filed: 03/18/2011
                                       First Amended Complaint Filed: 04/06/2011
20

21                                  I.

22                           **INTRODUCTION**

23       Plaintiff Julio Palomino filed his initial one page Complaint

24  (Dkt# 1 at p. 2) on March 18, 2011, with a caption listing the

25  following  defendants: "California Forensic Medical Group, Dr.

26  Taylor Fithian, County of Sonoma, Sheriff Bill Cogbill and Does 1-

27  10." The Complaint consisted of only 4 lines of allegations as

28  follows:

                                    1

1        Plaintiff Julio Palomino complains
that on March 16, 2010, Defendants
2    broke Plaintiff's left humorous [sic]
while Plaintiff was incarcerated in
3    [sic] Sonoma County Jail. Then
Defendants denied Plaintiff medical
4    treatment for approximately one week,
causing angulation and loss of range
5    of motion in Plaintiff's left arm.

6        Following these allegations as and against undifferentiated

7    "Defendants", the Complaint asked for the following relief:

8        WHEREFORE, Plaintiff prays that the
court render judgement against
9    defendants for medical damages,
general damages, punitive damages and
10   attorney's fees.

11       The First Amended Complaint (Dkt# 6) was filed on April 6, 2011,

12   and added only one word to the allegations, i.e., that the loss of

13   range of motion was "permanent."

14       Nowhere in the First Amended Complaint is there any

15   identification of which "defendants" are the subject of which of the

16   two generic allegations; i.e., there is no identification of which

17   defendant or defendants are alleged to have broken the plaintiff's

18   "humorous"; neither is there any identification of which "defendants"

19   or defendant "denied medical care" for one week.

20       Finally, in the First Amended Complaint there is no attempt to

21   specify the capacity, relationship with plaintiff or the nature of

22   the interaction of any "Doe" defendant with the plaintiff Palomino.

23       Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires

24   only 'a short and plain statement of the claim showing that the

25   pleader is entitled to relief,' in order to give the defendant fair

26   notice of what the...claim is and the grounds upon which it rests.'"

27   *Bell Atlantic Corp v. Twombly*, 550 U.S. 544, 555 (2007) (quoting

28   *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). In order, however, to

1 survive dismissal for failure to state a claim the complaint must

2 contain sufficient factual allegations "to raise a right to relief

3 above the speculative level." *Bell Atlantic*, (*supra*) 550 U.S. at 555.

4 **II.**

5 **ARGUMENTS**

6 **A.   Motion to Dismiss**

7 Dismissal under Rule 12 (b)(6) is appropriate where there is

8 either a "lack of a cognizable legal theory" or "the absence of

9 sufficient facts under a cognizable legal theory." *Balistreri v.*

10 *Pacifica Police Department,* 901 F. 2d 696, 699 (9th Cir. 1988).  The

11 court in its review of a Rule 12(b)(6) motion is, of course, to

12 construe the complaint in a light most favorable to the plaintiff and

13 is to accept well pled factual allegations as true. The court then

14 determines whether such well pled factual allegations support a claim

15 that would warrant relief.   *Cahill v. Liberty Mutual Insurance*

16 *Company,* 80 F. 3d 336, 337-338 (9th Cir. 1996). However, facts and not

17 conclusion must be the basis for a determination that a plausible

18 claim has been made as to each defendant.  *Barren v. Harrington,* 152

19 F.3d 1193, 1194 (9th Cir. 1998).  A mere possibility of misconduct

20 does not meet the plausibility test.  *Bell Atlantic Corp. v. Twombly,*

21 at 545.

22 The First Amended Complaint, as noted *supra*, does not identify

23 or designate by name the specific defendant or defendants among those

24 listed in the caption who are actually alleged to have (1)broken the

25 left "humorous" or (2) the defendant or defendants who "denied"

26 medical care.  The allegation that there was a "denial" of medical

27 care is a mere conclusionary statement and, if anything, an attempt

28 to recite what may be perceived by plaintiff as one of the legal

1  requirements needed to comply with the parameters of a claim for

2  alleged poor or non-existent care.

3      There is no attempt to provide notice to defendants "CFMG"

4  and/or Dr. Taylor Fithian as to what specific conduct or failure to

5  act were, *vis a vis* the plaintiff. Are the allegations that either

6  or both "CFMG" and Dr. Fithian and/or the County of Sonoma and/or

7  Sheriff Cogbill broke the plaintiff's left arm during Plaintiff's

8  incarceration at the Sonoma County Jail? Defendants are left to

9  speculate as to the intent and meaning of these vague allegations.

10      Plaintiff must allege with at least some degree of particularity

11 overt acts which the defendants engaged in that support plaintiff's

12 claims. *Jones v. Community Redev. Agency*, 733 F. 2d 646, 649 (9th Cir.

13 1984). In the context of medical care inadequate medical care was

14 held not to constitute cruel and unusual punishment under section

15 1983 unless the alleged mistreatment rose to the level of "deliberate

16 indifference to serious medical needs." *Estelle v. Gamble*, 429 U.S.

17 97, 106 (1976). The Ninth Circuit has held that before it can be said

18 that a prisoner's civil rights have been abridged, "the indifference

19 to   his   medical   needs   must   be   substantial.   Mere

20 'indifference,' 'negligence,' or 'medical malpractice' will not

21 support this cause of action." *Broughton v. Cutter Lab.*, 622 F.2d

22 458, 460 (9th Cir. 1980)(citing *Estelle*, 429 U.S. at 105-06).

23      Plaintiff must allege facts demonstrating how each of the named

24 defendant's actions rose to the level of "deliberate indifference."

25 There must be some affirmative link between the alleged acts of the

26 individual defendant and the claimed Constitutional deprivation. *Ivey*

27 *v. Board of Regents of University of Alaska*, 673 F.2d 266, 268

28 (1982); *May v. Enomoto*, 633 F. 2d 164, 167 (9th Cir. 1980).

4

1    There is no attempt to set forth any viable claim against a

2 company defendant such as California Forensic Medical Group, Inc. or

3 the governmental entity under *Monell v. Department of Social*

4 *Services*, 436 U.S. 658 (1978). Under the applicable case law relating

5 to claimed constitutional violations, there is no liability under the

6 theory of *respondeat superior*. See *Fayle v. Stapley*, 607 F.2d 858,

7 862 (9th Cir. 1979); *Mosher v. Saalfeld*, 589 F.2d 438, 441 (9th Cir.

8 1978). Therefore, as noted above, there must be some factual

9 allegation as to the nature of the claim against "CFMG," itself.

10    Further, there must be some assertion of the subjective

11 component applicable to and necessary for a cognizable claim of

12 "deliberate indifference." The Supreme Court has noted that where the

13 doctrine of *respondeat superior* is unavailable the defendants in a

14 case involving allegations of discriminatory practices, "..cannot be

15 held liable unless they themselves acted on account of a

16 Constitutionally protected characteristic. Yet respondent's complaint

17 does not contain any factual allegations sufficient to plausibly

18 suggest petitioner's discriminatory state of mind." *Aschroft v.*

19 *Iqbal*, ____U.S.____, 128 S. Ct. 1937, 1952 (2009).

20    Moreover, there is no attempt at all to set forth any facts

21 supporting the claim for punitive damages or any designation of the

22 defendant or defendants against whom, specifically, such claim is

23 made.

24    Dismissal is appropriate under F.R.C.P. 12(b)(6) where the

25 complaint is vague, conclusionary, and fails to set forth necessary

26 material facts in support of the allegations (*North Star Int'l v.*

27 *Arizona Corp.*, 720 F. 2d 578,583 (9th Cir. 1983). The court in

28 construing the allegations in the most favorable light will not

1   supply essential elements of a claim that were not initially pled.

2   *Richards v. Harper,* 864 F. 2d 85,88 (9th Cir. 1988).

3          Essential elements missing in the present First Amended

4   Complaint, in addition to the basic need to distinguish which

5   defendant is supposed to have taken or failed to take the actions or

6   failures to act mentioned in the four lines of allegations (i.e. who

7   broke the arm, who denied care) include the need to allege that the

8   defendants were acting under the color of state law and that the

9   actions deprived the plaintiff of rights secured by the Constitution.

10  *West v. Atlas* 487 U.S. 42 (1988).

11          **B.    Should the Court Deem it Appropriate to Deny the
                 Defendants' Motion to Dismiss, the Alternative Motion**
12          **for More Definite Statement Under FRCP 12(e) Should be
                 Granted**

13          A motion for more definite statements is appropriate when the

14  allegations in the pleading before the court are so vague and

15  ambiguous that the defendant cannot reasonably be requested to frame

16  a responsive pleading. Such motion will be where the defendant cannot

17  ascertain the nature of the claim.   *Famolare Inc. V. Edison Bros.*

18  *Stores, Inc.,* 525 F. Supp 940,949(ED CA 1981), *Cellars v. Pacific*

19  *Coast Packaging, Inc.,* 189 FRD 575,578 (ND CA 1999).

20          The First Amended Complaint for the reasons noted as a part of

21  the 12(b)(6) motion, supra, is without sufficient clarity and

22  specificity to permit these moving defendants to have  notice of the

23  specific allegations against them, as opposed to the several general

24  and vague allegations as to the actions or inactions of "Defendants."

25  This lack of clarity as to which defendant is alleged to have taken

26  what action or failed to act does not provide minimal notice to each

27  defendant as to the claims made against that defendant, and, e.g.,

28

1 the "facts" supporting the additional claim for punitive damages as

2 to each defendant.

### III.

### CONCLUSION

5    Defendants respectfully submit that the instant motion to

6 dismiss under Rule 12(b)(6) should be granted and the action

7 dismissed with leave to amend to correct the deficiencies noted

8 *supra*; and if not, that the court should enter an order requiring the

9 plaintiff to set forth with the degree of clarity and specificity

10 necessary so that each defendant will have a reasonable understanding

11 of the allegations and factual basis for the allegations made by

12 plaintiff.

13 Dated: June 28, 2011                    Trimble, Sherinian & Varanini

15 _____

By: Jerome M. Varanini
16 Attorney for Defendants
California Forensic Medical
17 Group, and Dr. Taylor Fithian