1  Evan Livingstone, SBN 252008
ATTORNEY AT LAW
2  740 4th St. Suite 215
Santa Rosa, CA 95404
3  Tel  (707) 206-6570
Fax (707) 676-9112
4  Email: evanlivingstone@sbcglobal.net

5  Attorney for Plaintiff Julio Palomino

6

7

8                           UNITED STATES DISTRICT COURT

9                         NORTHERN DISTRICT OF CALIFORNIA

10  Julio Palomino                          )
                                            )
11        Plaintiff,                        )   Case No. CV 11-1329 MEJ
                                            )
12             vs.                          )   **PLAINTIFF'S AMENDED COMPLAINT OF**
                                            )   **JULY 14, 2011**
13  California Forensic Medical Group,      )
    Dr. Taylor Fithian, County of Sonoma,  )
14  Sheriff Bill Cogbill, Deputy "Clausen"  )
    and Does 1-10                           )
15                                          )
          Defendants                        )
16

17                           JURISDICTION AND VENUE

18        1. This complaint alleges violations of the constitutional rights of Julio Palomino. The

19  complaint seeks remedies pursuant to Title 42, United States Code, section 1983, and California

20  statutory and common law. Jurisdiction is conferred upon the United States District Court by

21  Title 28, United States Code, sections 1331 and 1343. The actions giving rise to defendants'

22  liability, as alleged in this complaint, occurred in the City of Santa Rosa, County of Sonoma,

23  State of California. Venue is therefore proper in the Northern District pursuant to Title 28,

24

1   United States Code, section 1391(b), and in the Oakland or San Francisco Division pursuant to

2   Local Rule 3-2(d).

3        2. Plaintiff has filed administrative tort claims with the COUNTY OF SONOMA and

4   have satisfied all conditions precedent to an action for battery, medical malpractice, intentional

5   infliction of emotional distress, negligent infliction of emotional distress against the COUNTY

6   OF SONOMA under California law.

7        3. Plaintiff has mailed a Notice of Intent to Sue pursuant to California Code of Civil

8   Procedure section 364 with CALIFORNIA FORENSIC MEDICAL GROUP and has satisfied all

9   conditions precedent to an action for medical malpractice, intentional infliction of emotional

10  distress, negligent infliction of emotional distress against the CALIFORNIA FORENSIC

11  MEDICAL GROUP under California law.

12       4. Plaintiffs hereby demand a jury trial in this action.

13                         IDENTIFICATION OF PARTIES

14       5. Plaintiff Julio Palomino had his left arm broken while in custody in the Sonoma

15  County Jail by a least one SONOMA COUNTY Deputy Sheriff whom the plaintiff knows as

16  "Clausen" and two other deputies and then was denied proper medical treatment by staff

17  members of CALIFORNIA FORENSIC MEDICAL GROUP for up to a week, which resulted in

18  permanent damage to plaintiff's left arm.

19       6. Defendant COUNTY OF SONOMA is a public entity, duly organized and existing

20  under the laws of the State of California. The COUNTY OF SONOMA operates under its

21  authority the Sonoma County Sheriff's Department.

22       7. At all relevant times, defendant BILL COGBILL was the Sheriff for the COUNTY OF

23  SONOMA. In committing the acts and omissions alleged in this complaint, BILL COGBILL was

24  acting under color of law and within the course and scope of his employment as Sheriff for the

1  COUNTY OF SONOMA. As Sheriff, BILL COGBILL was an official with final policy-making

2  authority regarding the supervision, discipline, and training of Sheriff's deputies for the

3  COUNTY OF SONOMA.

4      8. At all relevant times, defendant SONOMA COUNTY DEPUTY SHERIFF

5  "CLAUSEN" ("DEPUTY CLAUSEN") was a Deputy Sheriff for the Sonoma County Sheriff's

6  Department. In committing the acts and omissions alleged in this complaint, DEPUTY

7  CLAUSEN was acting under color of law and within the course and scope of his employment as

8  a Deputy Sheriff for the COUNTY OF SONOMA.

9      9. At all relevant times, at least one defendant Doe was a an employee of CALIFORNIA

10  FORENSIC MEDICAL GROUP  In committing the acts and omissions alleged in this

11  complaint, Doe was acting under color of law and within the course and scope of his

12  employment as a medical provider for CALIFORNIA FORENSIC MEDICAL GROUP.

13      10. Plaintiff is ignorant of the true names and capacities of defendants DOES 1 through

14  10, and therefore sue these defendants by such fictitious names. Plaintiff is informed and

15  believes and thereon alleges that each defendant so named is responsible in some manner for the

16  injuries and damages suffered by plaintiff as described in this complaint. Plaintiff will amend his

17  complaint to state the true names and capacities of defendants DOES 1 through 10 when they

18  have been ascertained. Any reference in this complaint to "defendant," "defendants," or to an

19  individually-named defendant also refers to defendants DOES 1 through 10.

20      11. At all times mentioned in this complaint, each of the defendants, including all

21  defendants sued under fictitious names, was the agent and employee of each of the remaining

22  defendants, and in doing the things alleged in this complaint, was acting within the course and

23  scope of this agency or employment.

24      //

1        FACTS GIVING RISE TO THIS COMPLAINT

2        12. Plaintiff JULIO PALOMINO had his arm broken by Defendant Sonoma County

3   Sheriff Deputy "Clausen" and/or other Sonoma County Sheriff Deputies while incarcerated in

4   the Sonoma County Jail March 6, 2010. Subsequently plaintiff was denied medical treatment for

5   a period of up two seven days by Defendants SONOMA COUNTY SHERIFFS and

6   CALIFORNIA FORENSIC MEDICAL GROUP.

7        13. As a proximate result of the delayed treatment of his injury, plaintiff suffers from

8   angulation and a permanent loss of range of motion in his left arm which is likely to require

9   further surgery.

10       14. Plaintiff is informed and believes, and on that basis alleges that defendants COUNTY

11  OF SONOMA, BILL COGBILL, in his individual and official capacities, and DOES 1 through

12  10 have ratified and adopted the conduct of Deputy "Clausen", with deliberate and gross

13  indifference to the rights of plaintiff.

14       15. Plaintiff is informed and believe, and on that basis allege that defendants COUNTY

15  OF SONOMA, BILL COGBILL and DOES 1 through 10 had prior notice and knowledge of

16  other incidents involving the use of excessive force and the unjustified use of force by Deputy

17  "Clausen" and other Deputies of the Sonoma County Sheriff's Department particularly in

18  situations where the victims of such excessive and deadly force displayed symptoms of mental

19  illness. Despite this notice or knowledge, defendants failed to adequately train, supervise, and

20  discipline Deputies for the Sonoma County Sheriff's Department with respect to encounters with

21  prisoners displaying acute symptoms and with respect to the use of force. The inadequate

22  supervision, training, and discipline of Sonoma County Sheriff's Deputies regarding the use of

23  force and the ratification of the conduct of Deputy "Clausen" and Other Sonoma County Sheriff

24  Deputies in this case, demonstrates the existence of a de facto custom or policy that tolerates and

1    promotes the use of excessive force and violations of constitutional rights. This de facto policy or

2    custom was a substantial and proximate cause of the irresponsible and illegal use of force against

3    Plaintiff Julio Palomino.

4        16. Plaintiff is informed and believes, and on that basis alleges that defendants COUNTY

5    OF SONOMA, BILL COGBILL, and DOES 1 through 10 had actual and/or constructive

6    knowledge that the failure to adequately train, supervise, and discipline Deputies regarding

7    encounters with prisoners displaying symptoms of acute mental illness created a substantial risk

8    of injury to such prisoners and to the Deputies themselves, and of violations of personal and

9    constitutional rights. In failing to adequately train, supervise, and discipline Deputies to manage

10   encounters with mentally ill persons safely and within professional law enforcement standards,

11   defendants were deliberately indifferent to the substantial risk of violating such rights. The

12   deliberate indifference of COUNTY OF SONOMA, BILL COGBILL, and DOES 1 through 10

13   was a substantial and proximate cause of the irresponsible and illegal use of force against Julio

14   Palomino.

15       17. Plaintiff is informed and believes that defendants California Forensic Medical Group

16   and Dr. Taylor Fithian are responsible for the actions of Doe defendants who were medical

17   personnel at the Sonoma County Jail at the time Plaintiff was denied medical treatment.

18       18. Plaintiff is informed and believes, and hereby alleges, that Defendants Doe Medical

19   providers at all times relevant hereto were and are physicians duly licensed to practice medicine

20   in the State of California and doing business at the Sonoma County Jail.

21       19. Defendants California Forensic Medical Group and Dr. Taylor Fithian and Does

22   Medical Provider Defendants are and were at all times herein mentioned hospitals, clinics and/or

23   mental health care facilities maintained pursuant to a license existing under and by virtue of the

24

1   laws of the State of California and/or authorized to do business and doing business at 300 Foam

2   Street, Suite B, Monterey, CA 93940 California.

3        20. Defendants California Forensic Medical Group and Dr. Taylor Fithian and Does

4   Medical Provider Defendants are, and each of them, undertook the care and treatment of the

5   Plaintiff, Julio Palomino, and rendered professional services in the diagnosis, care and treatment

6   of the Plaintiff beginning in or about March 10, 2010, and continuing thereafter.

7        21. At the date and time aforesaid, the Defendants, and each of them, failed to exercise

8   the proper degree of knowledge and skill and so negligently, carelessly, recklessly, wantonly,

9   and unlawfully treated, provided care, monitoring, examination, and other professional services

10   in that, among other things, they failed to adequately and properly diagnose and treat Plaintiff for

11   orthopedic injuries sustained in an industrial accident.  Notices pursuant to California Code of

12   Civil Procedure Sec.364 were served on February 26, 2011.

13        22. As a direct and proximate result of the negligence, carelessness, recklessness,

14   wantonness and unlawfulness of defendants, and each of them, and the resulting incident, as

15   aforesaid, Plaintiff, Julio Palomino, sustained severe and serious injury to his person, all to

16   Plaintiff's damage in a sum within the jurisdiction of this Court and to be shown according to

17   proof.

18        23.  By reason of the foregoing, Plaintiff has been required to employ the services of

19   hospitals, physicians, surgeons, nurses and other professional services, and Plaintiff has been

20   compelled to incur expenses for ambulance service, medicines, x-rays, and other medical

21   supplies and services.  Plaintiff is informed and believes, and thereon alleges, that further

22   services of said nature will be required by Plaintiff in an amount to be shown according to proof.

23   //

24   //

DAMAGES

24. Plaintiff was physically, mentally, emotionally, and financially injured and damaged as a proximate result of the actions of Defendants' actions.

25. As a proximate result of defendants' conduct, plaintiff suffered physical pain, emotional distress, violation of his constitutional rights, and the loss of the sense of security, dignity, and pride as a citizen of the United States of America.

26. The conduct of defendants Deputy "Clausen", and of BILL COGBILL in his individual capacity, and of Doe Defendant Medical Providers and of Defendant Dr. Taylor Fithian was malicious, wanton, and oppressive. Plaintiffs therefore seek an award of punitive damages against these defendants.

27. Plaintiffs found it necessary to engage the services of private counsel to vindicate his rights, and the rights of decedent under the law. Plaintiff is therefore entitled to recover all attorney's fees incurred in relation to this action pursuant to Title 42 United States Code section 1988.

WHEREFORE, plaintiffs pray for relief as set forth below.

1. For general damages, according to proof;

2. For special damages, according to proof;

3. For punitive or exemplary damages against the individually-named defendants;

4. For attorneys' fees pursuant to 42 U.S.C. section 1988;

5. Economic damages, including but not limited to sums incurred and to be incurred for services of hospitals, physicians, surgeons, nurses and other medical supplies and services;

6. Lost future earnings in an amount to be determined at trial;

7. For interest provided by law including, but not limited to, Cal. Civil Code Sec. 3291;

8. For costs of suit incurred herein; and

1       9. For such other and further relief as the court may deem just and proper.

2

3    Dated: July 14, 2011                    /s/ Evan Livingstone
                                             Evan Livingstone
4                                            Attorney for Plaintiff Julio Palomino

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24