]JEROME M. VARANINI, ESQ. (State Bar No. 58531)
TRIMBLE, SHERINIAN & VARANINI
2500 Venture Oaks Way, Suite 350 (95833)
P.O. BOX 590
SACRAMENTO, CA 95812-0590
TELEPHONE: (916) 444-8271

Attorney For Defendants
CALIFORNIA FORENSIC MEDICAL GROUP, INC.
AND TAYLOR FITHIAN, M.D.

## UNITED STATES DISTRICT COURT

### NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JULIO PALOMINO,<br><br>    Plaintiffs,<br><br>vs.<br><br>CALIFORNIA FORENSIC MEDICAL GROUP, INC., et al.,<br><br>    Defendants. | CASE NO. 3:11-CV-1329 MEJ<br><br>**DEFENDANTS' ANSWER TO PLAINTIFF'S AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL** |

COME NOW defendants DR. TAYLOR FITHIAN, M.D., and CALIFORNIA FORENSIC MEDICAL GROUP, INC. ("CFMG") and respond to "Plaintiff's Amended Complaint of July 14, 2011," as follows:

### I.

### Response to "Jurisdiction and Venue"

1. In response to paragraph 1, defendants acknowledge that as alleged in the plaintiff's amended complaint, jurisdiction and venue are proper in this court; except as acknowledged, defendants deny all allegations of deliberate indifference, medical negligence, and/or liability as to plaintiff as alleged or at all and deny on lack of

information and belief any remaining allegations of said paragraph.

2. In response to the allegations of paragraph 2, defendants deny the allegations therein contained on lack of information and belief.

3. In response to the allegations of paragraph 3, defendants acknowledge that a Notice of Intent was received from plaintiff; except as acknowledged, defendants deny all allegations that they were deliberately indifferent to any serious medical condition and deny all other charging allegations upon which plaintiff asserts that liability exists as to these answering defendants; except as acknowledged or denied, herein above, defendants deny any remaining allegations of said paragraph on lack of information and belief.

4. In response to the allegations of paragraph 4, defendants acknowledge that plaintiff has demanded a jury trial in this matter.

## II.

### Response to "Identification of parties"

5. In response to the allegations of paragraph 5, defendants deny that they denied proper medical treatment for plaintiff as alleged or at all; except as herein above denied, defendants deny all remaining allegations of said paragraph on lack of information and belief.

6. In response to the allegations of paragraphs 6, 7, and 8, defendants deny the allegations therein contained on lack of information and belief.

7. In response to the allegations of paragraph 9, defendants deny all allegations that plaintiff was denied medical care, provided improper medical care, or that any of plaintiff's constitutional and/or statutory rights concerning medical care were violated by defendants as alleged or at all; except as denied herein above defendants deny all remaining allegations of said paragraph on lack of information and belief.

8. In response to the allegations of paragraphs 10 and 11, defendants deny all allegations that defendants failed to provide proper medical care, provided improper medical care, or violated any of plaintiff's claimed rights to care under federal law, the Constitution of the United States or state law; except as denied herein above, defendants deny all remaining allegations on lack of information and belief.

## III.

### Response to "Facts Giving Rise to this Complaint"

9. In response to the allegations of paragraph 12, defendants deny all allegations that plaintiff was denied medical treatment as alleged or at all and deny all claims by plaintiff that his 8th Amendment, 14th Amendment, or state law rights to medical care were violated; except as denied, herein above, defendants deny on lack of information and belief all remaining allegations of said paragraph.

10. In response to the allegations of paragraphs 13, 17, 18, 21, 22 and 23, defendants deny the allegations therein contained and that plaintiff was damaged in any sum or sums as alleged or at all.

11. In response to the allegations of paragraphs 14, 15, and 16, defendants deny the allegations therein contained on lack of information and belief.

12. In response to the allegations of paragraph 19, defendants deny that defendant Fithian was a "hospital, clinic, and/or mental health facility maintained pursuant to a license existing under and by virtue of the laws of the state of California;" defendants admit that the place of business for "CFMG" is 300 Foam Street, Suite B, Monterey, California 93940; except as denied and admitted, defendants deny the remaining allegations on lack of information and belief and deny that "CFMG" is a

licensed hospital, clinic or mental health facility.

13. In response to the allegations of paragraph 20, defendants deny that Dr. Fithian undertook the care and treatment of plaintiff and deny that defendant Fithian provided professional diagnostic care and/or treatment of plaintiff; defendants admit that medical staff personnel employed by or contracted to CFMG provided care for plaintiff including securing outside medical specialist examinations and care for plaintiff in 2010; except as denied and admitted herein above, defendants deny on lack of information and belief all remaining allegations of said paragraph.

## IV.

### Response to "Damages"

14. In response to the allegations of paragraphs 24, 25, 26, and 27, defendants deny the allegations therein contained and deny that plaintiff was damaged as alleged or at all by defendants.

### AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

As a first and separate affirmative defense, defendants allege that they acted with a reasonable good faith belief in the validity and lawfulness of their conduct and defendants are, therefore, protected by good faith immunity from Plaintiffs' claims.

### SECOND AFFIRMATIVE DEFENSE

As and for a second and separate affirmative defense, defendants allege that all actions taken, were undertaken in good faith and with reasonable belief that said actions were valid, necessary and constitutionally proper, thus, defendants are entitled to qualified immunity.

/ / /

### THIRD AFFIRMATIVE DEFENSE

As and for a third and separate affirmative defense, defendants allege that plaintiff has failed to allege and/or has not stated facts sufficient to show an affirmative link between alleged action of these answering defendants and the acts which allegedly violated Plaintiffs' rights, which alleged violations are denied.

### FOURTH AFFIRMATIVE DEFENSE

As and for a fourth and separate affirmative defense, defendants allege that pursuant to Government Code section 815, they are not liable for any injury, except as otherwise provided by statute.

### FIFTH AFFIRMATIVE DEFENSE

As and for an fifth and separate affirmative defense, defendants allege that they are immune from liability pursuant to Government Code section 820.4.

### SIXTH AFFIRMATIVE DEFENSE

As and for a sixth and separate affirmative defense, defendants allege that any damage suffered by plaintiff was caused in whole or in part by the negligence and/or other fault of the plaintiff himself and, therefore, to the extent that defendants were to be found to have any liability, which liability is denied by defendants, the recovery of plaintiff, if any there were, would be reduced or barred by such percentage of fault found applicable to the plaintiff.

### SEVENTH AFFIRMATIVE DEFENSE

As and for a seventh and separate affirmative defense, defendants allege that plaintiff has failed to state a claim against these answering defendants under <u>Monell v. Department of Social Services</u>.

/ / /

/ / /

**EIGHTH AFFIRMATIVE DEFENSE**

As and for an eighth and separate affirmative defense, defendants allege that plaintiff is barred by all applicable Government Code immunities including, but not limited to §815.6, 818.2, 818.6, 818.8, 820, 820.8, 821, 821.4, 821.6, 822.2, 844.6, 845, 845.6, 845.8(b) and 846; said sections are pleaded as though fully set forth herein.

**NINTH AFFIRMATIVE DEFENSE**

As and for a ninth and separate affirmative defense, defendants allege that defendants are entitled to immunities provided by the California Business & Professions Code sections 2395, 2396 and 2397.

**TENTH AFFIRMATIVE DEFENSE**

As and for a tenth and separate affirmative defense, defendants are immune from liability by reason of the provisions of the California Penal Code, including but not limited to Sections 834a, 835, 835a, 836, 836.5, 847 and Civil Code sections 43.55.

**ELEVENTH AFFIRMATIVE DEFENSE**

As and for a eleventh and separate affirmative defense, defendants contend that with respect to plaintiff's alleged Constitutional violations, defendants cannot be vicariously liable for any act or omission of another person by way of respondeat superior or otherwise.

**TWELFTH AFFIRMATIVE DEFENSE**

As and for a twelfth and separate affirmative defense, all the while denying that any act or failure to act as alleged or otherwise in contravention of plaintiff's civil rights occurred, these answering defendants assert that all actions or decisions not to act by these defendants were performed in good faith and without malice and without realization or recognition that such conduct would violate any rights of plaintiff, if in fact plaintiff's rights were violated which these

defendants deny, such acts or decisions not to act as were performed, were performed with due care and with due regard for the rights of all parties involved, including the public, and as such, these answering defendants are immune from claims that defendants violated plaintiff's civil rights based upon this good faith belief. Furthermore, each action or decision not to act was reasonable under the totality of circumstances present and operative as of the time each such decision and said acts or decisions not to act did not violate any clearly established statutory or constitutional right of which a reasonable person should have known.

### THIRTEENTH AFFIRMATIVE DEFENSE

As and for a thirteenth and separate affirmative defense, defendants allege that plaintiff has failed to comply with the Code of Civil Procedure section 425.13(a) with respect to their alleged claim for punitive damages against a medical care provider, with respect to any alleged claim against such health care provider under California statutes.

### FOURTEENTH AFFIRMATIVE DEFENSE

As a fourteenth and separate affirmative defense, defendants allege that in the event any of these answering defendants are found to be liable (which supposition is denied and merely stated for the purpose of this affirmative defense), defendants may elect to introduce evidence of any amounts paid or payable, if any, as a benefit to plaintiff pursuant to California Civil Code section 3333.1.

### FIFTEENTH AFFIRMATIVE DEFENSE

As a fifteenth and separate affirmative defense, defendants allege that in the event these answering defendants are found to be liable (which supposition is denied and merely stated for the purpose of this affirmative defense), the damages for non-economic losses shall not

exceed the amount specified in California Civil Code section 3333.2.

### SIXTEENTH AFFIRMATIVE DEFENSE

As a sixteenth and separate affirmative defense, defendants allege that in the event these answering defendants are found liable, (which supposition is denied and merely stated for the purpose of this affirmative defense), these defendants may elect to have future damages, if in excess of the amount specified in California Code of Civil Procedure, section 667.7, paid in whole or in part, as specified in California Code of Civil Procedure section 667.7.

### SEVENTEENTH AFFIRMATIVE DEFENSE

As a seventeenth and separate affirmative defense, defendants allege that some or all of the claims asserted in the First Amended Complaint are barred by the provisions of California Code of Civil Procedure sections 340, 340.5 and 474.

### EIGHTEENTH AFFIRMATIVE DEFENSE

As and for an eighteenth and separate affirmative defense, defendants allege that the provisions of California Civil Code section 1431.2 are applicable to some or all of the claims asserted in the First Amended Complaint.

### NINETEENTH AFFIRMATIVE DEFENSE

As and for a nineteenth and separate affirmative defense, defendants allege that some or all of the claims asserted in the Amended Complaint are barred by the provisions of California Civil Code section 1714.8.

Dated: August 2, 2011                               TRIMBLE, SHERINIAN & VARANINI

By: Jerome M. Varanini
Attorney for Defendants
CALIFORNIA FORENSIC MEDICAL GROUP,
INC. AND TAYLOR FITHIAN, M.D.

### DEMAND FOR JURY TRIAL

Defendants CALIFORNIA FORENSIC MEDICAL GROUP, INC. and TAYLOR FITHIAN, M.D. request a trial by jury in this matter.

Dated: August 2, 2011

TRIMBLE, SHERINIAN & VARANINI

By: Jerome M. Varanini,
Attorney for Defendants
CALIFORNIA FORENSIC MEDICAL GROUP,
INC. AND TAYLOR FITHIAN, M.D.

## PROOF OF SERVICE

I am a citizen of the United States and a resident of the County of Sacramento; I am over the age of eighteen years and not a party to the within above-entitled action; my business mailing address is P.O. Box 590, Sacramento, California 95812-0590. I am familiar with Trimble, Sherinian & Varanini's practice whereby the mail is sealed, given the appropriate postage and placed in a designated mail collection. Each day's mail is collected and deposited in a United States mailbox after the close of each day's business.

On August 2, 2011, I served on the parties in said action:

**DEFENDANTS' ANSWER TO PLAINTIFF'S AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL**

[xx] **Via the United States Postal Service** by causing a true copy and/or original thereof to be placed in a sealed envelope with postage thereon fully prepaid in the designated area for outgoing mail.

[ ] **By Personal delivery** on the parties in this action by causing a true copy and/or original thereof to be delivered by hand to the offices of the addressee(s).

[ ] **Via Facsimile** by causing such document to be served via facsimile on the parties in this action via facsimile numbers as stated on this proof of service.

[ ] **Via Overnight Courier** by causing a true copy and/or original thereof to be personally delivered via the following overnight courier service: Untied Parcel Service

addressed as follows:

Evan Livingstone, Esq.
740 4th Street, Suite 215
Santa Rosa, California 95404
Telephone: (707) 206-6570
Facsimile: (707) 676-9112
**Attorney for Plaintiff**

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed on August 2, 2011, at Sacramento, California.

*Jeannine Maldonado*
Jeannine Maldonado