Gregory G. Spaulding, Esq. (SBN 106606)
Terry S. Sterling, Esq. (SBN 106379)
SPAULDING McCULLOUGH & TANSIL LLP
90 South E Street, Suite 200
P.O. Box 1867
Santa Rosa, CA 95402
Telephone:    (707) 524-1900
Facsimile:     (707) 524-1906

Attorneys for Defendants COUNTY OF SONOMA,
SHERIFF BILL COGBILL and JOSHUA CLAASSEN
(incorrectly sued herein as DEPUTY "CLAUSEN")

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JULIO PALOMINO,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>CALIFORNIA FORENSIC MEDICAL GROUP, DR. TAYLOR FITHIAN, COUNTY OF SONOMA, SHERIFF BILL COGBILL, DEPUTY "CLAUSEN" AND DOES 1-10,<br><br>　　　　　Defendants | Case No.: CV-11-1329 MEJ<br><br>ANSWER TO AMENDED COMPLAINT |

　　　　Defendants COUNTY OF SONOMA, SHERIFF BILL COGBILL ("COGBILL") and JOSHUA CLAASSEN (incorrectly sued herein as DEPUTY "CLAUSEN") ("CLAASSEN") (collectively, "defendants" or "County defendants") hereby answer Plaintiff's Amended Complaint of July 14, 2011 ("Amended Complaint") as follows:

## JURISDICTION AND VENUE

　　　　1.　　Answering paragraph 1, defendants admit that plaintiff has brought this action seeking certain remedies as specified in the Amended Complaint and that this Court has jurisdiction over claims for violations of 42 USC §1983. Defendants deny that any actions giving rise to liability occurred as alleged by plaintiff, and therefore deny the remaining allegations of said paragraph.

2. Answering paragraph 2, defendants admit that plaintiff filed an administrative claim with the Sonoma County Board of Supervisors in August 2010. Except as expressly admitted herein, defendants deny the allegations of said paragraphs.

3. Answering paragraph 3, defendants are without sufficient knowledge or information to form a belief as to the allegations of said paragraph, and on that basis deny such allegations.

4. Answering paragraph 4, said paragraph does not require a response by defendants.

IDENTIFICATION OF PARTIES

5. Answering paragraphs 5, defendants are informed and believe that plaintiff injured his arm in March 2010, while he was an inmate at the Sonoma County Main Adult Detention Facility ("MADF"). Except as expressly admitted herein, defendants deny the allegations of said paragraphs.

6. Answering paragraph 6, defendants admit that COUNTY OF SONOMA is a legal subdivision of the State of California, and that the Sonoma County Sheriff's Department is a department of COUNTY OF SONOMA. Except as expressly admitted herein, defendants deny the allegations of said paragraph.

7. Answering paragraph 7, defendants admit that from January 2003 to January 2011, defendant COGBILL was Sheriff for COUNTY OF SONOMA. Defendants deny that COGBILL committed the acts and omissions alleged in the Amended Complaint. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of said paragraph, and on that basis defendants deny such allegations.

8. Answering paragraph 8, defendants admit that in March 2010, defendant CLAASSEN was a Correctional Deputy for COUNTY OF SONOMA. Defendants deny that CLAASSEN committed the acts and omissions alleged in the Amended Complaint. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of said paragraph, and on that basis defendants deny such allegations.

9. Answering paragraphs 9, 10 and 11, defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of said paragraphs, and on that basis deny such allegations.

## ALLEGED FACTS GIVING RISE TO AMENDED COMPLAINT

10. Answering paragraph 12, defendants deny the allegations of said paragraph.

11. Answering paragraph 13, defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of said paragraph, and on that basis deny such allegations.

12. Answering paragraphs 14, 15 and 16, defendants deny the allegations of said paragraphs.

13. Answering paragraphs 17 through 20, defendants admit that medical services are provided to MADF inmates by defendant CALIFORNIA FORENSIC MEDICAL GROUP, INC. ("CFMG") pursuant to a contract between COUNTY OF SONOMA and CFMG; that CFMG's address is 300 Foam Street, Monterey, California; that under the terms of the COUNTY OF SONOMA/CFMG contract, medical care for inmates is provided by licensed, trained medical staff; that defendant Dr. TAYLOR FITHIAN is affiliated with CFMG; and that CFMG provided medical care to plaintiff while he was incarcerated at the MADF in 2010. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of said paragraphs, and on that basis deny such allegations.

14. Answering paragraphs 21 and 22, defendants deny the allegations of said paragraphs.

15. Answering paragraph 23, defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations pertaining to the extent and expense of medical services received by plaintiff, and on that basis deny such allegations. Defendants deny the remaining allegations of said paragraph.

## DAMAGES

16. Answering paragraphs 24 through 27, defendants deny the allegations of said paragraphs.

## FIRST AFFIRMATIVE DEFENSE

17. The Amended Complaint fails to state facts sufficient to constitute a cause of action against defendants.

## SECOND AFFIRMATIVE DEFENSE

18. Defendants deny that the injuries or damages complained of by plaintiff, if any, were due to or caused by any act or omission on the part of defendants.

## THIRD AFFIRMATIVE DEFENSE

19. Defendants are informed and believe, and thereon allege, that the injuries and damages complained of by plaintiff, if any, were either wholly or in part directly or proximately caused by the acts of persons or entities other than defendants, and said liability is either imputed to plaintiff by reason of the relationship between plaintiff and said persons or entities or comparatively reduces the proportion of any comparative liability of defendants (which supposition is denied and merely stated for the purpose of this affirmative defense).

## FOURTH AFFIRMATIVE DEFENSE

20. Defendants are informed and believe, and thereon allege, that plaintiff has failed to mitigate his alleged damages, if any.

## FIFTH AFFIRMATIVE DEFENSE

21. Defendants are informed and believe, and thereon allege, that the injuries and damages complained of by plaintiff, if any, were proximately caused and contributed to by their negligence in that plaintiff failed to exercise ordinary care on his behalf in the conduct and management of his persons with respect the matters at issue. Accordingly, plaintiff's recovery, if any, must be barred or reduced by the amount of negligence attributed to his conduct.

## SIXTH AFFIRMATIVE DEFENSE

22. As and for a separate and distinct defense, defendants allege that every act or statement made by defendants was a good faith assertion of defendants' rights.

## SEVENTH AFFIRMATIVE DEFENSE

23. As and for a separate and distinct defense, defendants allege that some or all of plaintiff's claims are barred by the doctrine of waiver.

## EIGHTH AFFIRMATIVE DEFENSE

24. As and for a separate and distinct defense, defendants allege that some or all of plaintiff's claims are barred by the doctrine of estoppel.

## NINTH AFFIRMATIVE DEFENSE

25. As and for a separate and distinct defense, defendants allege that some or all of plaintiff's claims are barred by the doctrine of laches.

## TENTH AFFIRMATIVE DEFENSE

26. As and for a separate and distinct defense, defendants allege that they are immune from liability for some or all of the claims asserted in the Amended Complaint, or such claims are otherwise barred, under some or all of the provisions of California Government Code §§ 800-996.6.

## ELEVENTH AFFIRMATIVE DEFENSE

27. As and for a separate and distinct defense, defendants allege that they are immune from liability for some or all of the claims asserted in the Amended Complaint under the Eleventh Amendment to the United States Constitution.

## TWELFTH AFFIRMATIVE DEFENSE

28. As and for a separate and distinct defense, defendants allege that the provisions of California Civil Code §1431.2 are applicable to some or all of the claims asserted in the Amended Complaint.

## FOURTEENTH AFFIRMATIVE DEFENSE

29. As and for a separate and distinct defense, defendants allege that they presently have insufficient knowledge or information on which to form a belief as to whether they may have additional, as yet unstated, affirmative defenses available. Defendants reserve herein the right to assert additional affirmative defenses in the event discovery indicates that they would be appropriate.

## JURY DEMAND

Defendants hereby demand a jury trial.

WHEREFORE, defendants pray that plaintiff take nothing by reason of his Amended Complaint herein, that they be dismissed with their costs of suit, and for such other relief as may be proper.

ANSWER TO AMENDED COMPLAINT          Case No. CV-11-1329 MEJ

1  DATED: September 9, 2011

SPAULDING McCULLOUGH & TANSIL LLP
Attorneys for Defendants COUNTY OF SONOMA, SHERIFF BILL COGBILL and JOSHUA CLAASSEN (incorrectly sued herein as DEPUTY "CLAUSEN")

By: _____
Terry S. Sterling